IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-00103-02-CR-W-HFS |
| | ) | |
| TIMOTHY LANGEVIN (2), | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1. The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by John F. Wood, United States Attorney, and John E. Cowles, Assistant United States Attorney, and the defendant, Timothy Langevin, ("the defendant"), represented by J.R. Hobbs, Attorney-at-Law.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2. Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count One of the Indictment charging him with Conspiracy to Commit Sabotage through –Destruction of War Materials, 18 U.S.C. § 371

By entering into this plea agreement, the defendant admits that he knowingly committed the offense described in Count One of the Indictment, and is in fact guilty of the offense. At sentencing, the government agrees to dismiss the remaining counts of the Indictment.

**3. Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which he is pleading guilty are as follows:

Between September 27, 2007, and March 28, 2008, when the United States was in a time of national emergency as declared by the President of the United States, Proclamation # 7463, dated September 14, 2001, in the Western District of Missouri, Timothy Langevin and Charles Osborn, knowingly and willfully conspired and agreed with each other, to commit violations of Title 18, United States Code, Section 2153(a) by stealing specially fabricated copper components, known in the munitions industry as "bullet cups," which are used to manufacture copper-jacketed 7.62 millimeter projectiles, from Building 3, Lake City Army Ammunition Plant ("LCAAP"), in Independence, Missouri, and delivering the bullet cups for destruction to the Fusselman Salvage Company in Moberly, Missouri. The 7.62mm rounds are manufactured by

-2-

Alliant Techsystems, Inc. ("ATK") at the LCAAP under a contract with the United States Army to deliver 7.62mm ammunition to be used by United States Army soldiers in Iraq and Afghanistan, and other locations. Working together, Timothy Langevin and Charles Osborn diverted approximately 16,528 pounds of copper bullet cups from Building 3 at the LCAAP to be destroyed at the Fusselman Salvage Company. That amount of copper bullet cups would have produced approximately 1.5 million rounds of ammunition for the United States Army. Timothy Langevin and Charles Osborn initially used five gallon buckets to transport the bullet cups from the grounds of the LCAAP to the Fusselman Salvage Company. Later, they used an ATK forklift to move entire skids of large crates containing the bullet cups to a pickup truck to transport the material. Finally, the amounts of material became so large that the conspirators rented a U-Haul trailer to transport the material. Timothy Langevin and Charles Osborn transported approximately 16,528 pounds of the copper bullet cups, valued at approximately $78,838.56, that was supposed to be used for the manufacture of 7.62mm ammunition for the United States Army, and instead delivered the material for destruction to the Fusselman Salvage Company, where defendants were paid approximately $45,362.80 for the material, and the defendants shared in these monies.

**4. Use of Factual Admissions.** The defendant acknowledges, understands, and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a). The defendant acknowledges, understands, and agrees that the conduct charged in any dismissed counts of the indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a) in calculating the offense level for the charges to which he is pleading guilty.

**5. Statutory Penalties.** The defendant understands that upon his plea of guilty the Court may impose on Count One a sentence of not more than 5 years imprisonment, a Class D felony. The sentence will be followed by a period of supervised release of not more than three years. Further, Count One provides for a fine not in excess of $250,000.00. Finally, the defendant will be required to pay a $100 mandatory special assessment, which must be paid in full at the time this plea agreement is presented to the Court.

**6. Sentencing Procedures.** The defendant acknowledges, understands, and agrees to the following:

> a. In determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission. These Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable."

b. The Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing.

c. In addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to 3 years. The Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed.

d. If the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to 2 years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed 3 years, less the term of imprisonment imposed upon revocation of the defendant's first supervised release.

e. The Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range.

f. Any sentence of imprisonment imposed by the Court will not allow for parole.

g. The Court must, pursuant to 18 U.S.C. § 3663A, order restitution to be paid to victims of the offenses to which he is pleading guilty, the conduct charged in any dismissed counts of the indictment, and all other uncharged related criminal activity.

h. The Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office.

i. The defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court, as long as the sentence is within the sentencing range proposed by the parties. *See* paragraph 10, below.

**7. Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea

agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to destruction of war materials for which it has venue and which arose out of the defendant's conduct described above.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of the dismissed or additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the dismissed or additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

-6-

**8. Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

**9. Withdrawal of Plea.** The defendant understands that if the Court accepts his plea of guilty and this plea agreement but imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

**10. Agreed Sentencing Range.** Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the parties agree that the defendant will be sentenced to imprisonment for at least 2 years (24 months), but no more than the statutory maximum of 5 years, and neither party will make any request for a sentence outside said sentencing range. If the Court rejects this proposed sentencing range, the defendant reserves the right to withdraw his guilty plea pursuant to Fed.R.Crim.P.

11(c)(5). The parties agree that the United States Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable." The intent of this plea agreement is that the Court will arrive at a reasonable sentence within the agreed sentencing range between 2 and 5 years imprisonment, with due consideration given to both sentencing guidelines calculations, including the defendant's acceptance of responsibility, and the statutory factors set forth in 18 U.S.C. § 3553.

**11. Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections.

**12. Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

**13. Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

b. comment on the evidence supporting the charges in the indictment;

c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed; and

d. oppose any post-conviction motions for reduction of sentence, or other relief.

**14.** **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

a. the right to plead not guilty and to persist in a plea of not guilty;

b. the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

d. the right to confront and cross-examine the witnesses who testify against him;

e. the right to compel or subpoena witnesses to appear on his behalf; and

f. the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense or offenses to which he pleaded guilty, and

-9-

if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

**15. Waiver of Appellate and Post-Conviction Rights.**

    a. The defendant acknowledges, understands, and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement.

    b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

**16. Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

18. **Defendant's Agreement to Destruction of Biological Evidence.** In accordance with 18 U.S.C. § 3600A(c)(2), the defendant knowingly and voluntarily waives his right to request DNA testing of any biological evidence which may have been obtained or seized by law enforcement in his case. Defendant agrees that all biological evidence which may have been obtained or seized may be destroyed by law enforcement authorities.

19. **Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against him in

any and all criminal proceedings. The defendant waives any rights that he might assert under the United States Constitution, any statute, Federal Rules of Criminal Procedure, Section 11(e)(6), Federal Rules of Evidence, Section 410, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

**20. Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorney or any other party to induce him to enter a plea of guilty.

**21. No Undisclosed Terms.** The United States and the defendant acknowledge and agree that the above-stated terms and conditions constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

**22. Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this

agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

DATED: 8/19/08

        John F. Wood
        United States Attorney


By */s/John E. Cowles*
    John E. Cowles,
    Assistant United States Attorney


    I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.


Dated: 8/19/08                 */s/Timothy Langevin*
                                                  Timothy Langevin,
                                                  Defendant


    I am defendant Timothy Langevin's attorney. I have fully explained to Mr. Langevin his rights with respect to the offenses charged in the indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, Timothy Langevin's decision to enter into this plea agreement is an informed and voluntary one.


Dated: 8/19/08                 */s/J.R. Hobbs*
                                                  J.R. Hobbs,
                                                  Attorney-at-law

-13-