IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-00103-02-CR-W-HFS |
| | ) | |
| TIMOTHY LANGEVIN, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the defendant, Timothy Langevin, by and through his counsel, and hereby submits this Sentencing Memorandum in the above-referenced case, pursuant to Rule 32 of the Federal Rules of Criminal Procedure. Sentencing is presently scheduled for January 15, 2009, at 1:30 p.m.

Mr. Langevin and the undersigned counsel have thoroughly reviewed the Presentence Investigation Report ("PSR") and have discussed all issues with respect to sentencing in this case. This Memorandum is respectfully filed to assist the Court in determining an appropriate sentence.

### I.   PROCEDURAL BACKGROUND

Mr. Langevin appeared before this Court on August 19, 2008, and entered his plea of guilty to Count 1 of an indictment charging him with conspiracy to commit sabotage through the destruction of war material in violation of 18 U.S.C. §§ 371 and 2153(a). He freely admitted his illegal conduct. Mr. Langevin entered into a written plea agreement with the

United States. By virtue of his guilty plea, Mr. Langevin admitted facts that support a full and complete factual basis. He acknowledged that his actions were illegal and wrongful.

This Court accepted the defendant's plea of guilty and ordered the preparation of a Presentence Investigation Report by the probation office. The PSR has been finalized in this matter.

## II. OBJECTIONS TO PSR

There are no objections to the PSR.

## III. SENTENCE TO BE IMPOSED

As the PSR indicates, Mr. Langevin's total offense level is 29. He has a Criminal History I. As a result, he is facing an advisory sentencing range of 87 to 108 months. Because the statutory maximum sentence is 60 months, this overrides the 87-108 month range. This sentencing range should also be tempered by the factors set forth under 18 U.S.C. § 3553. At the outset, it should be reiterated that Mr. Langevin acknowledges his wrongdoing. He does not diminish his wrongful conduct, nor does he excuse it. Mr. Langevin has accepted responsibility for his unlawful conduct in this case. He provided a full and complete factual basis during the guilty plea hearing. He also submitted a statement of acceptance of responsibility to the probation office. The PSR recommends that the defendant receive the three-level reduction for his acceptance of responsibility. (PSR at ¶ 15, 23-24). Mr. Langevin is embarrassed and remorseful for the conduct that has brought him before this Court. His plea of guilty avoided the necessity of a complex and emotional trial. Because of his plea of guilty, the Court was saved substantial resources.

Mr. Langevin's family and friends have remained loyal and supportive as evidenced by the character letters written by them on his behalf. These letters include letters from his family, friends, co-workers and community members. The letters show another side of Mr. Langevin that the Court could also consider in imposing sentence. The irony of the letters is that these are the very people he has hurt by his conduct, and yet they all inform the Court that they will continue to stand by and support Mr. Langevin. Many of the letters detail their experiences with Mr. Langevin in his roles of son, brother, husband and father. The defendant's sister informed the court that her brother "is a constant presence and support for our parents and the farm in which they own." Mr. Langevin's current employer stated that the defendant "has accepted his situation and taken responsibility, which is something I do not see very often anymore..." Other family members write about the love and devotion Mr. Langevin has for his son, Brady, who was born with Down Syndrome. His aunt stated, "Timothy has been integral in the care and progress in raising his 18-month old child. He spends many hours caring and providing for him." Interestingly, a letter written by a 32 year employee of Lake City informed the Court, "Understanding that Tim has accepted responsibility for his actions, I firmly believe he will be an asset to society."

## 18 U.S.C. § 3553(a) Factors

The Sentencing Reform Act instructs a Court to impose a sentence "sufficient, but not greater than necessary" to comply with the stated purposes of punishment. 18 U.S.C. § 3553(a). A mitigated sentence of will address all goals of The Sentencing Reform Act. 18 U.S.C. § 3553(a) states, in pertinent part, as follows:

> (a) Factors to be considered in imposing a sentence.--The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
> (1) the nature and circumstances of the offense
> and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
> (A) to reflect the seriousness of the
>  offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for...
> (5) any pertinent policy statement...
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victim of the offense.

Each of the relevant sentencing considerations can be satisfied by imposing a sentence of 24 months. The felony conviction alone serves as a general and specific deterrent. There is no credible evidence that he is a candidate for recidivism. He has been shamed by his conduct. He has pled guilty, accepted responsibility, cooperated and avoided a trial. In short, there

4

are substantial reasons as how a sentence of 24 months satisfies the concerns of 18 U.S.C. § 3553 and the holding in *United States v. Booker*, 543 U.S. 220 (2005).

The Court may ponder the question of the reasonableness of a sentence of 24 months in this case. Mr. Langevin did not instigate the criminal conduct, and at least initially, he was unaware of what the co-defendant was doing. Regretfully, he became a co-conspirator well after Mr. Osborne began his criminal conduct. The PSR reflects ten separate instances of the sale of copper belonging to Lake City to a salvage company in Moberly, Missouri. On one of these occasions, Mr. Langevin delivered a load of copper to the salvage company. Although Mr. Osborn has stated that he and Mr. Langevin agreed to split all the proceeds "50/50," Mr. Langevin personally received approximately $5,000 during the course of the conspiracy. Mr. Langevin's lesser role is a mitigator in favor of a sentence below the statutory maximum.

Another consideration in the decision to impose a sentence of 24 months is the harsh effect a greater sentence will have on the defendant's son. Brady Langevin was born with Down Syndrome, a genetic condition that causes delays in physical and intellectual development. Children with this syndrome can also suffer from health complications beyond the usual childhood illnesses. Brady is treated by both a physical and an occupational therapist. He undoubtedly will attend specialized schooling in the future. Parental involvement in the therapies of a child with Down Syndrome is imperative. Brady's treating medical professionals have written letters to the Court expressing their hope that Mr. Langevin can return home in the shortest time possible as his presence is very beneficial to

Brady's health and well-being. Certainly, Mr. Langevin should have considered the impact of his wrongful conduct on his son at the time he decided to conspire with the co-defendant, it was the defendant's desire to provide more income for his family and his son that he engaged in the criminal conduct. This erroneous reasoning is not lost on the defendant, and he does not offer this as an excuse or justification for his criminal conduct. A sentence of 24 months will serve as adequate punishment and deterrence for Mr. Langevin, just as it sends a message to the general public that this type of conduct will not be lightly treated. It will also allow him to return to his home where he can regain his bond with his family

## IV.  CONCLUSION

WHEREFORE, based on the foregoing, Mr. Langevin respectfully requests that this Honorable Court impose a sentence consistent with the suggestions contained in this Memorandum, and for further relief deemed proper by the Court.

6

Respectfully submitted,

WYRSCH HOBBS & MIRAKIAN, P.C.

By: /s/ *James R. Hobbs*
JAMES R. HOBBS #29732
NATHAN J. OWINGS #356568
1000 Walnut
Suite 1600
Kansas City, MO 64106
Tel: (816) 221-0080
Fax: (816) 221-3280
***Attorneys for Langevin***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically by CM/ECF with the United States Court for the Western District of Missouri on this 12th day of January 2009, with notice of case activity generated and sent electronically to all counsel of record.

/s/ James R. Hobbs
***Attorney for Defendant***